O

United States District Court
Central District of California

| | |
|---|---|
| REINA ERAZO,<br><br>    Plaintiff,<br><br>  v.<br><br>MILLARD MALL SERVICES, INC; THE MILLARD GROUP; and DOES 1– 50, inclusive,<br><br>    Defendants. | Case No. 2:14-cv-02612-ODW(SSx)<br><br>**ORDER DENYING MOTION TO REMAND [16]** |

## I. INTRODUCTION

Plaintiff Reina Erazo moves to remand this action to Los Angeles County Superior Court for lack of subject-matter jurisdiction. (ECF No. 16.) Erazo contends that Defendant Millard Mall Services, Inc. filed a Notice of Removal that was insufficient to establish diversity jurisdiction under 28 U.S.C. § 1332. Erazo's main argument is that a settlement demand is unreasonable and does not assert that the amount in controversy exceeds the jurisdictional minimum of $75,000. For the reasons discussed below, the Court **DENIES** Erazo's Motion to Remand.

/ / /

/ / /

## II. FACTUAL BACKGROUND

Erazo's claims arise from the termination of her employment. (Compl. ¶¶ 4, 10.) Erazo filed suit against Millard Mall alleging state-law claims of disability discrimination, failure to accommodate disability, failure to engage in interactive process, failure to prevent discrimination, retaliation for taking leave, and wrongful discharge. (*See* Not. Removal Ex. B.)

Erazo began working for Millard Mall in 1999. (Compl. ¶¶ 3, 17.) On November 4, 2010, Plaintiff suffered a hernia while working. (*Id.* ¶¶ 3, 21–22.) In February 2011, Erazo went on medical leave. (*Id.* ¶¶ 3, 24–25.) Plaintiff eventually underwent surgery for her hernia in July 2011. (*Id.* ¶¶ 4, 1.) Erazo returned to work December 22, 2011 with many significant working restrictions. (*Id.* ¶¶ 4, 3–5.) On January 8, 2012, Erazo was terminated allegedly due to Millard Mall's inability to accommodate her working restrictions. (*Id.* ¶¶ 4, 10–15.)

On December 24, 2013, Erazo commenced this action in Los Angeles County Superior Court. (ECF No. 1.) On March 14, 2014, Erazo's counsel sent an email informing Millard Mall that Erazo had taken a new job on December 15, 2012, earning $8.50 an hour for 36 hours a week, and made an initial settlement demand of $275,000. (Opp'n 5:2–9.) Millard Mall removed the action to federal court on April 7, 2014 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1.) Erazo then filed the instant Motion to Remand on May 7, 2014. (ECF. No. 16.)

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal


1  in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

## IV.   DISCUSSION

In this Motion, Erazo contends that the amount in controversy does not exceed $75,000. Neither party alleges federal-question jurisdiction under 28 U.S.C. § 1331.

Erazo argues that the amount in controversy requirement is not met because a $275,000 settlement offer from Erazo is not a reasonable calculation of the amount in controversy. (Mot. 6:16–17.) On the other hand, Millard Mall asserts that the settlement demand coupled with compensatory, emotional distress, and punitive damages along with attorneys' fees sought in the Complaint show that the amount in controversy exceeds the jurisdictional minimum. (Opp'n 1:10–12.)

In a federal diversity action, a settlement demand may be relevant evidence as to the amount in controversy if it reflects a reasonable estimate of the plaintiff's claim. *Cohn v. PetSmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Even if a settlement demand is imprecise, it may still indicate that the amount in controversy exceeds the jurisdictional minimum if it is sufficiently supported by a fair reading of the complaint. *Babasa v. LensCrafters, Inc.* 498 F.3d 972, 975 (9th Cir. 2007). Attorneys' fees, emotional distress, and punitive damages may also be considered. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 at 980 (9th Cir. 2005.); *Galt G/S v. JSS*

*Scandinavia*, 142 F.3d 1150 at 1155 (9th Cir. 1998); *Davenport v. Mutual Ben. Health & Acc. Ass'n* 325 F.2d 785, 787 (9th Cir. 1963).

Here, Erazo sent a settlement demand for $275,000. Erazo contends that it was an arbitrary demand that did not reflect a reasonable estimate. However, Erazo also refuses to admit that the amount in controversy is less than $75,000.

Furthermore, Erazo relies on a misreading of *Cohn* to support this Motion. Erazo contends that the Ninth Circuit held that "[b]ecause the . . . demand was the only evidence offered by the Notice of Removal to show the amount in controversy exceeds the jurisdictional minimum, the Notice of Removal itself does not satisfy defendants' burden of proving subject matter jurisdiction." (Mot. 6:2–5.) However, the Ninth Circuit in *Cohn* actually held that a $100,000 settlement demand did satisfy the jurisdictional minimum because it was reasonable. *Cohn*, 281 F.3d at 837. In fact, the quote upon which plaintiff relies is not even within the Ninth Circuit's decision in *Cohn*.

The Court finds that the $275,000 settlement demand from Erazo is reasonable as an aggregate total of damages resulting from backpay, emotional distress, punitive damages, and attorneys' fees. Based on the allegations in the Complaint that Erazo worked 37 hours a week at $11.31 an hour, backpay would start as of January 2012 and total at least $47,049.60 prior to any mitigation. (Reply 6:2–4.) Emotional distress damages in similar cases have ranged around $25,000. *Kroske*, 432 F.3d at 980. Attorneys' fees for this Motion alone have already reached $4,500. (Yeremian Decl. ¶¶ 2, 21–22.) Additionally, these figures do not include punitive damages which could potentially total over $75,000 alone. Coupled with the allegations in the Complaint, the settlement demand is a reasonable assessment of the amount in controversy.

### V. CONCLUSION

For the reasons discussed above, the Court finds that there is subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, the Court

1  **DENIES** Erazo's Motion to Remand.  (ECF No. 16.)  Erazo's request for sanctions
2  for improper removal is thus also denied.
3      **IT IS SO ORDERED.**
4
5  June 5, 2014
6
7                          _____
8                              **OTIS D. WRIGHT, II**
                          **UNITED STATES DISTRICT JUDGE**